UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A. JOSEPH RAETANO,

    Plaintiff,

v.                                            Case No: 8:08-cv-2088-T-33MAP

HIRAKU CORP.,

    Defendant.
_____/

**<u>ORDER</u>**

    This matter is before the Court on Defendant's Motion to Suspend Local and General Rules Pending ADA Inspection and Remediation Plan (the "Motion to Suspend," Doc. 9), Plaintiff's Renewed Motion to Compel Defendant's Participation in the Preparation and Filing of a Case Management Report (the "Renewed Motion to Compel," Doc. 12) and Plaintiff's Motion to Extend Time to Comply with ADA Scheduling Order and Provide Expert Report (the "Motion to Extend Time to Comply," Doc. 15).

    Upon consideration, the Motion to Suspend (Doc. 9) will be granted in part and denied in part and the Renewed Motion to Compel (Doc. 12) and Motion to Extend Time to Comply (Doc. 15) will both be denied as moot.

    This case was filed under the Americans with Disabilities

Act, 42 U.S.C. § 12181, *et seq.* (commonly referred to as the "ADA"). Defendant is the owner of a small shopping center located at 7024 W. Hillsborough Ave., Tampa, Florida that was built prior to passage of the ADA. Plaintiff, who "tests" such facilities, alleges that the shopping center is not in compliance with the ADA.

In the Motion to Suspend (Doc. 9), Defendant acknowledges that the shopping center is not in compliance with the ADA and asks the Court to stay all proceedings in this case until he is able to hire a qualified inspector to conduct an inspection and prepare a remediation report. Defendant further asks the Court to allow him to submit a remediation plan to Plaintiff before Plaintiff's expert is permitted to inspect Defendant's property.

Defendant assures the Court that he will hire an expert, conduct the inspection and confer with Plaintiff's counsel as to remediation without undue delay. Defendant asks the Court for this relief because he is suffering economic hardship. Defendant assumes that any expert hired by Plaintiff will charge excessive fees that Defendant will be responsible for if the parties reach a settlement in this case.

On May 20, 2009, the Court entered an ADA Scheduling Order

2

(the "Scheduling Order," Doc. 14).  The Scheduling Order is tailored to ADA cases and is designed to mitigate costs to the parties.  The Scheduling Order requires Plaintiff to "provide Defendant with a copy of any expert report upon which Plaintiff intends to rely" within forty-five (45) days from the date of service of process (Doc. 14 at p. 2, ¶2).  Because the Scheduling Order was entered recently, the Court finds it appropriate to allow Defendant the opportunity to hire an expert and prepare a remediation plan.

Defendant is directed to hire an expert and present a remediation plan to Plaintiff within twenty (20) days of this Order.  If Plaintiff finds Defendant's remediation plan lacking, the Court will allow Plaintiff the opportunity to hire an expert, at his own expense, to inspect Defendant's property and prepare his own plan. Should Plaintiff feel it necessary to hire his own expert, the expert shall inspect Defendant's property and submit a report within twenty (20) days of Defendant's submission of his remediation plan to Plaintiff.

The Court will not "suspend" or stay this case; however, the above adjustment to the Scheduling Order should assuage Defendant's fears without unduly burdening Plaintiff.  The adjustment also renders the Motion to Extend Time to Comply

(Doc. 15) moot.

The Scheduling Order waives the previously imposed requirement that the parties file a joint Case Management Report. Thus, the Renewed Motion to Compel (Doc. 12) is also moot. Plaintiff and Defendant are directed to review the Scheduling Order and to comply with the deadlines set forth therein, as modified by this Order, in a timely manner.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) The Motion to Suspend(Doc. 9) is **GRANTED in PART and DENIED in PART,** in accordance with this Order.

(2) The Renewed Motion to Compel (Doc. 12) is **DENIED as MOOT**.

(3) The Motion to Extend Time to Comply (Doc. 15) is **DENIED as MOOT**.

**DONE** and **ORDERED** from Chambers in Tampa, Florida, this 27th day of May, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

Counsel and Parties of Record

4