UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

A. Joseph Raetano,

    Plaintiff,

vs.                                          Case No.: 8:08-cv-2088-T-33MAP

Hiraku Corp.,

    Defendant.
_____/

## ORDER

This case was filed under the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA"). On June 23, 2009, the Court issued an Order to Show Cause why Plaintiff's Motion for Miscellaneous Relief (the "Motion," Doc. 19) should not be granted. Defendant had three business days to file a response to the Order to Show Cause and failed to do so. In the Motion, Plaintiff informs the Court that Defendant is engaging in delay tactics and has failed to comply with the Court's directives as set forth in the ADA Scheduling Order (Doc. 14), as modified by the Court's Order entered on May 27, 2009 (the "May 27 Order," Doc. 16). Plaintiff asks the Court to remedy this situation by entering a Case Management and Scheduling Order and setting the case for trial.

Some background information is necessary to remind the parties why the Court entered the Order to Show Cause. The ADA Scheduling Order sets forth certain deadlines with which the parties must comply. The ADA Scheduling Order also makes clear which party bears the responsibility for a specific deadline's completion. The ADA Scheduling

Order designates Plaintiff as responsible for hiring an expert to inspect Defendant's business and property so that the expert can prepare a detailed remediation plan for Defendant. Retention of experts is costly and upon conclusion of an ADA case, if successful, a plaintiff usually seeks reimbursement of all fees and costs associated with the case, including those of the expert. Defendant filed a Motion to Modify (Doc. 9) claiming it is a small business with limited resources. In the Motion to Modify, Defendant admitted that its business was not ADA compliant. Defendant asked the Court to allow it to hire the expert to prepare the remediation plan for submission to Plaintiff. Finally, Defendant claimed that if the Court granted this request, it would save Defendant some of the fees and costs associated with this case and ADA litigation in general.

The Court found Defendant's arguments compelling and allowed Defendant to hire an expert and present a remediation plan to Plaintiff within twenty days from entry of the May 27 Order. Plaintiff informs the Court that to date, it has not received Defendant's expert remediation plan. The case record contains no evidence that Defendant has complied with the Court's directive from the May 27 Order. Thus, Defendant is no longer entitled to the relief granted in the May 27 Order. The ADA Scheduling Order (Doc. 14) shall govern the parties' actions going forward.

Accordingly, it is

**ORDERED**, **ADJUDGED** and **DECREED** that:

The Motion (Doc. 19) is **GRANTED** to the extent set forth herein. The parties shall adhere to the remaining deadlines as set forth in the ADA Scheduling Order (Doc. 14) . The

deadlines shall begin to run upon entry of this Order. Accordingly, and by way of example, Plaintiff has forty-five days from entry of this Order to hire and expert and present a remediation plan to Defendant. The status conference set in the ADA Scheduling Order for October 8, 2009, at 9:00 a.m. will be held as scheduled. Plaintiff is reminded that the ADA Scheduling Order waives the requirement that the parties file a joint Case Management Report.

**DONE** and **ORDERED** from Chambers in Tampa, Florida, on this 30th day of July 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record